```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                          MIAMI DIVISION

 3                       Case 09-20534-CR-GOLD

 4

    THE UNITED STATES OF AMERICA,
 5                                          COURTROOM 11-1
             Plaintiff,
 6                                          MIAMI, FLORIDA
       vs.
 7                                          SEPTEMBER 24, 2010
    JAVIER ZAMBRANA;
 8  ALEJANDRO HERNANDEZ,
    a/k/a Alex Hernandez;
 9  VICENTA TELLECHEA;
    CARLOS CASTANEDA;
10                                          (Pages 1 - 48)

             Defendants.
11  _____

12                    SENTENCING PROCEEDINGS
                 BEFORE THE HONORABLE ALAN S. GOLD
13                 UNITED STATES DISTRICT JUDGE
    _____
14

15
    APPEARANCES:
16
    FOR THE GOVERNMENT:      N. NATHAN DIMOCK, ESQ.
17                           U.S. Department of Justice
                             Criminal Division, Fraud Section
18                           1400 New York Avenue NW
                             Bond Building 4th Floor
19                           Washington, DC 20005    202.514.0095
                                              (Fax) 202.514.6118
20                           nathan.dimock@usdoj.gov

21

22  FOR THE DEFENDANTS:

23  Zambrana                 WILLIAM R. BARZEE, ESQ.
                             Courthouse Center
24                           40 Northwest Third Street, Penthouse 1
                             Miami, FL 33128          305.374.3998
25                                             (Fax) 305.374.3985
                             williambarzee@barzeeflores.com
```

```
 1
     Hernández                    VIDAL MARINO PEREZ, ESQ.
 2                                PO Box 14-0729
                                  Coral Gables, FL 33114    305.632.9988
 3                                velislaw@gmail.com

 4   Tellechea                    CARLOS GARCIA, ESQ.
                                  1101 Brickell Avenue, Suite 1801
 5                                Miami, FL 33131            305.371.3777
                                                      (Fax) 305.371.2234
 6                                mcigroup509@bellsouth.net

 7                                       -and-

 8                                HERBERT DONGJIN KIM, ESQ.
                                  Herbert Kim, P.A.
 9                                1101 Brickell Avenue, Suite 1801
                                  Miami, FL 33131           305.803.2075
10                                                    (Fax) 305.530.8811
                                  herbertkimlaw@msn.com
11

12   Castaneda                    ELIO VAZQUEZ, ESQ.
                                  6780 Coral Way
13                                Miami, FL  33155          305.444.5567
                                                      (Fax) 305.669.2191
14                                vazquezjurist@bellsouth.net

15
     REPORTED BY:                 JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR
16                                Official United States Court Reporter
                                  Federally Certified Realtime Reporter
17                                Wilkie D. Ferguson Jr. U.S. Courthouse
                                  400 North Miami Avenue, Suite 11-1
18                                Miami, FL  33128          305.523.5588
                                                      (Fax) 305.523.5589
19                                jamillikan@aol.com

20

21

22

23

24

25
```

1                          TABLE OF CONTENTS

2                                                          Page

3    Reporter's Certificate ...................................... 48

4

5                       SIDEBAR CONFERENCES

6    Description                                              Page

7    Side-bar Conference Begins ................................. 24

8    Proceedings In Open Court Resume ........................... 25

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Sentencing Proceedings

4

| | | |
|---|---|---|
| 09:02:19 | 1 | THE COURT:  Good morning.  Please be seated.  On |
| 09:02:42 | 2 | Case 09-20534, appearances first on behalf of the United States. |
| 09:02:47 | 3 | MR. DIMOCK:  Good morning, Your Honor.  Nathan Dimock |
| 09:02:50 | 4 | on behalf of the United States. |
| 09:02:51 | 5 | THE COURT:  Thank you.  Mr. Barzee, let me start with |
| 09:02:54 | 6 | your appearance. |
| 09:02:55 | 7 | MR. BARZEE:  Good morning, Your Honor.  William Barzee |
| 09:02:56 | 8 | on behalf of Javier Zambrana who is present. |
| 09:03:00 | 9 | THE COURT:  Thank you.  Good morning.  Next appearance, |
| 09:03:09 | 10 | please. |
| 09:03:10 | 11 | MR GARCIA:  Carlos Garcia on behalf of Vicenta |
| 09:03:15 | 12 | Tellechea, present. |
| 09:03:15 | 13 | THE COURT:  Thank you.  Next, please. |
| 09:03:15 | 14 | MR. KIM:  Good morning, Judge.  Herbert Kim for Vicenta |
| 09:03:19 | 15 | Tellechea. |
| 09:03:19 | 16 | THE COURT:  I'm sorry.  The microphone system is not |
| 09:03:22 | 17 | working. |
| 09:03:22 | 18 | MR. KIM:  My name is Herbert Kim on behalf of Vicenta |
| 09:03:26 | 19 | Tellechea. |
| 09:03:26 | 20 | THE COURT:  All right.  Thank you.  Next, please. |
| 09:03:31 | 21 | MR. VELIS:  Good morning, Your Honor.  Vidal Velis on |
| 09:03:34 | 22 | behalf of Alejandro Hernández who is sitting next to me. |
| 09:03:40 | 23 | MR. VAZQUEZ:  Good morning, Your Honor.  Elio Vazquez |
| 09:03:41 | 24 | on behalf of Carlos Castaneda who is present before the Court. |
| 09:03:44 | 25 | THE COURT:  Very well.  Thank you for your appearances. |

Sentencing Proceedings

| | | |
|---|---|---|
| 09:03:47 | 1 | I would ask for appearances by Probation, please. |
| 09:03:52 | 2 | THE PROBATION OFFICER:  Good morning, Your Honor. |
| 09:03:57 | 3 | Gregg Jenkins, United States Probation. |
| 09:04:00 | 4 | THE PROBATION OFFICER:  Michelle Burgess on behalf of |
| 09:04:04 | 5 | U.S. Probation. |
| 09:04:05 | 6 | THE COURT:  Thank you.  May I have the defendants |
| 09:04:06 | 7 | sworn. |
| 09:04:09 | 8 | [The defendants were sworn by the clerk at 9:04 a.m.] |
| 09:04:38 | 9 | THE COURT:  All right.  Thank you.  Let me -- one |
| 09:04:46 | 10 | second, please. |
| 09:04:49 | 11 | Mr. Vazquez, let me start with your client, please. |
| 09:04:54 | 12 | May I inquire if you have had the opportunity to review the |
| 09:04:57 | 13 | presentence report and have it translated for your client? |
| 09:05:05 | 14 | MR. VAZQUEZ:  We have had the opportunity to review the |
| 09:05:09 | 15 | PSI.  He speaks English. |
| 09:05:20 | 16 | THE COURT:  Microphone, sir. |
| 09:05:20 | 17 | MR. VAZQUEZ:  Judge, I can't pull it over here. |
| | 18 | THE COURT:  Come to the podium then, please. |
| 09:05:26 | 19 | MR. VAZQUEZ:  Judge, we did have an opportunity to go |
| 09:05:28 | 20 | over the PSI, and there are no objections to the PSI except that |
| 09:05:30 | 21 | he has the acceptance of responsibility.  That's the only matter |
| 09:05:33 | 22 | that needs to be adjusted. |
| 09:05:35 | 23 | THE COURT:  All right.  Is there agreement by the |
| 09:05:37 | 24 | United States on acceptance? |
| 09:05:39 | 25 | MR. DIMOCK:  Yes, Your Honor, there is.  And in |

Sentencing Proceedings

| | | |
|---|---|---|
| 09:05:41 | 1 | addition, I apologize, it was filed late, but approval was just |
| 09:05:46 | 2 | given.  I have a 5K motion for Mr. Castaneda.  I brought copies |
| 09:05:50 | 3 | for the Court.  It has been filed on the docket. |
| 09:05:54 | 4 | THE COURT:  All right.  But let me go over the |
| 09:05:57 | 5 | guideline first.  So there would be a three-point adjustment to |
| 09:06:02 | 6 | the presentence report for acceptance of responsibility.  So the |
| 09:06:07 | 7 | total offense level would go from 31 to what, 28? |
| 09:06:16 | 8 | MR. VAZQUEZ:  That would be correct, sir. |
| 09:06:17 | 9 | THE COURT:  Is that everybody's understanding? |
| 09:06:18 | 10 | MR. DIMOCK:  Yes, Your Honor. |
| 09:06:19 | 11 | THE COURT:  So that has a guideline range of 78 to 97 |
| 09:06:25 | 12 | months; is that correct? |
| 09:06:29 | 13 | MR. VAZQUEZ:  That is correct, Your Honor. |
| 09:06:31 | 14 | THE COURT:  Now, let me review a few matters relative |
| 09:06:37 | 15 | to this situation. |
| 09:06:40 | 16 | MR. VAZQUEZ:  Judge, may I have the client come over to |
| 09:06:42 | 17 | the podium? |
| 09:06:43 | 18 | THE COURT:  Yes, of course. |
| 09:06:57 | 19 | Actually, the role assessment was not stated, I don't |
| 09:07:03 | 20 | believe, in detail in this presentence report but was contained |
| 09:07:11 | 21 | in other defendants' presentence reports.  This defendant is |
| 09:07:16 | 22 | responsible for an intended loss of $18 million, correct?  Is |
| 09:07:38 | 23 | that not correct? |
| 09:07:38 | 24 | MR. DIMOCK:  Yes, that is correct, Your Honor. |
| 09:07:40 | 25 | MR. VAZQUEZ:  Yes. |

| | | |
|---|---|---|
| 09:07:41 | 1 | THE COURT:  And in the plea agreement -- |
| 09:07:50 | 2 | MR. DIMOCK:  Actually, Your Honor, I believe the role |
| 09:07:51 | 3 | is addressed on Page 22 of the PSR. |
| 09:07:55 | 4 | THE COURT:  All right.  Thank you. |
| 09:07:57 | 5 | MR. VAZQUEZ:  Paragraph 105. |
| 09:08:01 | 6 | THE COURT:  It was stipulated here, I believe, that |
| 09:08:06 | 7 | sophisticated means was involved as well as a three-level |
| 09:08:12 | 8 | adjustment as manager or supervisor.  Those were stipulated to, |
| 09:08:16 | 9 | correct? |
| 09:08:16 | 10 | MR. DIMOCK:  That's correct, Your Honor. |
| 09:08:17 | 11 | MR. VAZQUEZ:  That's correct. |
| 09:08:20 | 12 | THE COURT:  All right.  So I'm not going to sentence |
| 09:08:25 | 13 | until I hear from everybody, but go ahead and tell me the basis |
| 09:08:31 | 14 | for the 5K and what it is you are recommending. |
| 09:08:35 | 15 | MR. DIMOCK:  In terms of the basis, Your Honor, |
| 09:08:39 | 16 | generally, the defendant -- although it is not specifically |
| 09:08:41 | 17 | applicable to cooperation -- did come to the table relatively |
| 09:08:44 | 18 | early in the process, made full disclosures to the United States |
| 09:08:48 | 19 | as relates to not only his own conduct, but the conduct of other |
| 09:08:52 | 20 | individuals involved in this case. |
| 09:08:53 | 21 | The defendant also provided substantial information |
| 09:08:57 | 22 | which the Government was able to use in connection with a |
| 09:09:00 | 23 | separate case, Docket Number 09-21018 in front of Judge Jordan. |
| 09:09:07 | 24 | That was a 15-person Indictment involving a doctor, in fact, it |
| 09:09:12 | 25 | was United States v. Dweck, was the case caption, a number of |

09:09:16   1   nurses, two clinic owners and many of those people had ties back

09:09:21   2   to the defendant.  As a result of the defendant's assistance, we

09:09:24   3   were able to secure convictions as to all the defendants in that

09:09:30   4   case.

09:09:30   5         THE COURT:  So based upon this you are recommending

09:09:32   6   what?

09:09:33   7         MR. DIMOCK:  We are recommending 25 percent.  That is

09:09:35   8   what I have been authorized, Your Honor.

09:09:36   9         THE COURT:  So on the 78, what does that come to?  Did

09:09:42   10  you do the math?

09:09:43   11        MR. DIMOCK:  I did, Your Honor.  Give me just a moment.

09:10:05   12  It works out to approximately 20 months off of the 78, Your

09:10:10   13  Honor, rounded in favor of the defendant.

09:10:11   14        THE COURT:  So that would be 58 months?

09:10:14   15        MR. DIMOCK:  That's correct, Your Honor.  I would also

09:10:16   16  note for the Court that the defendant has been very good about

09:10:21   17  contacting agents of the United States throughout this process

09:10:25   18  to assist them whenever he had thoughts or things came to mind

09:10:29   19  that he thought would be helpful to us.

09:10:31   20        Some of that information may be used later on in

09:10:34   21  connection with other cases, although at this point we don't

09:10:37   22  anticipate a need for the defendant to testify at trial.

09:10:40   23        So we feel that his cooperation at this point is

09:10:43   24  substantially complete, but he has made many efforts to

09:10:47   25  communicate with the agents in, we believe, a truthful and

| | | |
|---|---|---|
| 09:10:53 | 1 | forthright manner. |
| 09:10:54 | 2 | THE COURT: All right. Thank you. On behalf of the |
| 09:10:55 | 3 | defendant, what is your position with the 5K? |
| 09:10:58 | 4 | MR. VAZQUEZ: Judge, on behalf of Mr. Castaneda, this |
| 09:10:59 | 5 | is an unusual defendant who has done everything the Government |
| 09:11:03 | 6 | stated, more eloquently stated I can't say, but what I am saying |
| 09:11:06 | 7 | to the Court is that he has done everything he can, not only in |
| 09:11:09 | 8 | calling them when things came to mind just to make sure they had |
| 09:11:13 | 9 | it, to corroborate whatever they needed. He visited at least |
| 09:11:17 | 10 | eight times, give or take, made many phone calls to provide all |
| 09:11:20 | 11 | the assistance he could. |
| 09:11:21 | 12 | I would suggest to the Court that 25 percent is a |
| 09:11:23 | 13 | little bit low. I would suggest to the Court that the reduction |
| 09:11:26 | 14 | should be more up to around 40 percent, maybe 50 percent. |
| 09:11:31 | 15 | This young man has done everything possible to assist. |
| 09:11:34 | 16 | As the Government indicated in one case that was a 15-person |
| 09:11:37 | 17 | Indictment, he helped in that investigation in addition to this |
| 09:11:40 | 18 | case and other matters that he has helped the Government. |
| 09:11:43 | 19 | We ask the Court to increase the reduction not to 25 |
| 09:11:46 | 20 | percent, to substantially higher than 25 percent. |
| 09:11:50 | 21 | THE COURT: What's the United States' position because |
| 09:11:54 | 22 | I have to take into account how you assess the nature of the |
| 09:11:58 | 23 | help, and I understand what your office has authorized, but what |
| 09:12:03 | 24 | would you say in response that the actual help was worth more |
| 09:12:08 | 25 | than 25 percent to the United States? |

Sentencing Proceedings

| | | |
|---|---|---|
| 09:12:09 | 1 | MR. DIMOCK:  Well, again, I am not authorized to |
| 09:12:11 | 2 | recommend anything above but -- |
| 09:12:13 | 3 | THE COURT:  I am not asking you to give me your |
| 09:12:16 | 4 | consent.  I'm saying what do you think is the nature of the |
| 09:12:21 | 5 | assistance as you see it, greater than a 25 percent reduction? |
| 09:12:26 | 6 | MR. DIMOCK:  As I see it, I think the defendant's |
| 09:12:28 | 7 | assistance has been very substantial in this case, and I would |
| 09:12:31 | 8 | note for the Court as well that the defendant made himself |
| 09:12:33 | 9 | available to testify in connection with any trials that may have |
| 09:12:38 | 10 | come from that separate Indictment.  Ultimately, the defendants |
| 09:12:43 | 11 | in that case pled guilty. |
| 09:12:44 | 12 | In part, we did inform defense lawyers in that case of |
| 09:12:48 | 13 | Mr. Castaneda's expected testimony, and we believe that that may |
| 09:12:52 | 14 | have assisted in obtaining guilty pleas.  We ultimately had a |
| 09:12:55 | 15 | trial against one defendant.  The only reason Mr. Castaneda did |
| 09:12:58 | 16 | not testify is that we ultimately decided for strategic reasons |
| 09:13:03 | 17 | on which witnesses we wanted to present in that case, but he |
| 09:13:07 | 18 | again did contact us to make himself available in that regard. |
| 09:13:10 | 19 | THE COURT:  All right.  But tell me more about the |
| 09:13:13 | 20 | Jordan case.  It sounds like it is even a much more extensive |
| 09:13:18 | 21 | fraud than even this case involved. |
| 09:13:20 | 22 | MR. DIMOCK:  It is, Your Honor.  Basically that case, |
| 09:13:23 | 23 | what it was about was a clinic called Courtesy Clinic.  There |
| 09:13:28 | 24 | were two owners of that clinic as well as Dr. Dweck who were |
| 09:13:32 | 25 | indicted.  That clinic provided a substantial number of |

| | | |
|---|---|---|
| 09:13:35 | 1 | prescriptions and plans of care for Home Health Care to the two |
| 09:13:39 | 2 | home health agencies that are subject of the instant case, ABC |
| 09:13:43 | 3 | and Florida Home Health, as well as many, many other home health |
| 09:13:47 | 4 | agencies throughout the South Florida and Miami area. |
| 09:13:52 | 5 | In addition, indicted in that case were a number of |
| 09:13:55 | 6 | nurses who also worked at ABC and Florida Home Health and who |
| 09:13:59 | 7 | were charged with falsifying patient files. |
| 09:14:02 | 8 | As it relates to the defendant, many of the Medicare |
| 09:14:06 | 9 | beneficiaries that he had recruited had ties back both to that |
| 09:14:09 | 10 | clinic, Courtesy, had received prescriptions from Dr. Dweck and |
| 09:14:15 | 11 | also were reportedly being treated by the nurses that were |
| 09:14:18 | 12 | charged in that case. |
| 09:14:20 | 13 | We also charged a Medicare beneficiary in that case who |
| 09:14:23 | 14 | was one of the beneficiaries that the defendant had recruited, |
| 09:14:26 | 15 | so that case does have much greater implications. |
| 09:14:30 | 16 | In total, Dr. Dweck pled guilty to having referred 848 |
| 09:14:35 | 17 | patients for Home Health Care that was unnecessary, resulting in |
| 09:14:39 | 18 | billings to the Medicare program of over $37 million. |
| 09:14:42 | 19 | I would expect that from that case we will see more |
| 09:14:45 | 20 | cases flowing in light of the fact that that particular clinic |
| 09:14:49 | 21 | had ties to many home health agencies. |
| 09:14:54 | 22 | THE COURT:  All right, sir.  Thank you. |
| 09:14:55 | 23 | Mr. Castaneda, do you wish to make a statement on your |
| 09:15:02 | 24 | own behalf? |
| 09:15:02 | 25 | DEFENDANT CASTANEDA:  Yes, sir. |

| | | |
|---|---|---|
| 09:15:03 | 1 | THE COURT:  Please proceed. |
| 09:15:08 | 2 | DEFENDANT CASTANEDA:  Your Honor, I just want |
| 09:15:11 | 3 | to, besides what has been said already, apologize, you know, for |
| 09:15:20 | 4 | my actions.  I really regret that this happened, not only for |
| 09:15:24 | 5 | myself but for those I have caused pain, like my family, friends |
| 09:15:29 | 6 | and members of my church. |
| 09:15:33 | 7 | I am very sorry I got involved in this type of |
| 09:15:37 | 8 | business.  I have never been involved in any crime.  I have |
| 09:15:40 | 9 | tried to be a good example for my children and my clean record |
| 09:15:45 | 10 | speaks for itself.  So, once again, I apologize for misconduct |
| 09:15:49 | 11 | and thank you very much, Your Honor. |
| 09:15:52 | 12 | MR. VAZQUEZ:  Judge, if I may say a few words? |
| 09:15:54 | 13 | THE COURT:  Yes. |
| 09:15:55 | 14 | MR. VAZQUEZ:  Judge, now with what the Government |
| 09:15:57 | 15 | presented, I believe the word "substantial" is what the Court |
| 09:16:00 | 16 | should consider in reduction.  I leave it up to the Court's |
| 09:16:03 | 17 | discretion.  The Court is very familiar with these type of |
| 09:16:05 | 18 | cases, and I ask for a substantial reduction from the 78 months |
| 09:16:09 | 19 | that the defendant could receive at the bottom of the guideline. |
| 09:16:13 | 20 | THE COURT:  I understand your position. |
| 09:16:15 | 21 | MR. VAZQUEZ:  Yes. |
| 09:16:16 | 22 | THE COURT:  Do you wish to generally acknowledge |
| 09:16:22 | 23 | anybody that is here on the defendant's behalf? |
| 09:16:22 | 24 | MR. VAZQUEZ:  Judge, we have some family members that |
| 09:16:23 | 25 | are here for the defendant also.  Obviously, the defendant's mom |

| | | |
|---|---|---|
| 09:16:26 | 1 | is one of the defendants but not at this time. |
| 09:16:28 | 2 | THE COURT:  Good morning to everyone who is present.  I |
| 09:16:30 | 3 | know it is a difficult day for each of you.  All right.  Thank |
| 09:16:35 | 4 | you.  If you don't mind being seated, I will come back to this |
| 09:16:38 | 5 | matter at the end of the inquiry. |
| 09:16:45 | 6 | DEFENDANT CASTANEDA:  Thank you, Your Honor. |
| 09:16:47 | 7 | THE COURT:  Now, as I understand those who were |
| 09:16:52 | 8 | involved in this case and the amount of loss associated with |
| 09:16:58 | 9 | each, the next highest loss is Mr. Hernández.  That loss |
| 09:17:14 | 10 | involved -- let me go back -- $13.6 million according to the |
| 09:17:21 | 11 | review of the role assessments here. |
| 09:17:25 | 12 | So let me start by asking if there has been the |
| 09:17:29 | 13 | opportunity to review the presentence report as to this |
| 09:17:35 | 14 | defendant and if it was translated. |
| 09:17:38 | 15 | MR. VELIS:  Yes, Your Honor, and there was no need to |
| 09:17:40 | 16 | translate.  Mr. Hernández can read and understands English. |
| 09:17:45 | 17 | THE COURT:  All right.  Thank you.  I appreciate |
| 09:17:48 | 18 | knowing that for the record.  So the plea agreement in this case |
| 09:17:54 | 19 | also acknowledges sophisticated means, aggravating role and the |
| 09:18:02 | 20 | like and if we can turn, please, to the guideline calculations, |
| 09:18:10 | 21 | Page 26 to 27.  There has been acceptance acknowledged here, so |
| 09:18:19 | 22 | the guidelines are -- excuse me -- 78 to 97 months.  Is that not |
| 09:18:37 | 23 | correct? |
| 09:18:37 | 24 | MR. DIMOCK:  That is correct, Your Honor.  Just for the |
| 09:18:39 | 25 | record, we do move for the extra point as we do for |

| | | |
|---|---|---|
| 09:18:43 | 1 | Mr. Castaneda. |
| 09:18:43 | 2 | THE COURT:  Right.  But that has been acknowledged |
| 09:18:45 | 3 | already in the presentence report, hasn't it? |
| 09:18:48 | 4 | MR. DIMOCK:  I think it just says if the Government, so |
| 09:18:52 | 5 | I want to make it clear actually as to all defendants we are |
| 09:18:53 | 6 | moving for that extra point. |
| 09:18:55 | 7 | THE COURT:  Correct.  But the total offense level |
| 09:18:57 | 8 | calculation is included the additional point? |
| 09:18:58 | 9 | MR. DIMOCK:  That's correct, Your Honor. |
| 09:19:00 | 10 | THE COURT:  So the guideline calculation is 78 to 97 |
| 09:19:05 | 11 | months.  Is that accurate? |
| 09:19:06 | 12 | MR. VELIS:  It appears that way, yes. |
| 09:19:09 | 13 | THE COURT:  Okay.  So is there a 5K on this defendant? |
| 09:19:13 | 14 | MR. DIMOCK:  Not at this time, Your Honor.  I would |
| 09:19:15 | 15 | note for the Court that the defendant has provided a great |
| 09:19:19 | 16 | amount of assistance to the United States in connection with |
| 09:19:22 | 17 | ongoing investigations. |
| 09:19:23 | 18 | I have had a chance to confer with his attorney and our |
| 09:19:27 | 19 | intention is to be filing a Rule 35 as that cooperation is |
| 09:19:31 | 20 | ongoing, and we are anticipating seeing the fruits of that in |
| 09:19:36 | 21 | the relatively near future. |
| 09:19:37 | 22 | THE COURT:  So is the request that I consider some part |
| 09:19:41 | 23 | of the cooperation today or wait for the Rule 35 where I can |
| 09:19:44 | 24 | look at the whole issue in its entirety? |
| 09:19:47 | 25 | MR. VELIS:  I would hope that some consideration is |

| 09:19:50 | 1 | given to what Mr. Hernández has already provided in view of the |
| 09:19:54 | 2 | fact that he has participated, to my understanding, in the Judge |
| 09:20:00 | 3 | Jordan case and some other cases that have proven to be |
| 09:20:05 | 4 | successful via his assistance.  I think the Government could |
| 09:20:09 | 5 | recognize that today. |
| 09:20:09 | 6 | THE COURT:  Well, let's talk about this for a moment. |
| 09:20:12 | 7 | Do you think that a Rule 35 is likely? |
| 09:20:16 | 8 | MR. DIMOCK:  I think it is very likely, Your Honor. |
| 09:20:19 | 9 | THE COURT:  Very likely? |
| 09:20:19 | 10 | MR. DIMOCK:  Yes, Your Honor. |
| 09:20:20 | 11 | THE COURT:  So it is also an issue whether the |
| 09:20:26 | 12 | defendant would have a better opportunity to present the whole |
| 09:20:34 | 13 | statement on the amount of reduction at one time versus |
| 09:20:38 | 14 | splitting it up which may not be as favorable or could be.  I |
| 09:20:43 | 15 | don't know. |
| 09:20:44 | 16 | MR. VELIS:  I understand that, Judge.  I just wanted to |
| 09:20:47 | 17 | be -- I'm sorry. |
| 09:20:47 | 18 | THE COURT:  That is your dilemma.  What do you want to |
| 09:20:50 | 19 | do on that? |
| 09:20:51 | 20 | MR. VELIS:  I understand that, Your Honor.  I just |
| 09:20:52 | 21 | wanted to make sure that the Court knew that he had participated |
| 09:21:00 | 22 | and at this stage of the proceedings that there was some |
| 09:21:10 | 23 | acknowledgement of that. |
| 09:21:11 | 24 | THE COURT:  If the United States is saying -- and I |
| 09:21:11 | 25 | rely heavily on it because I believe if it was not very likely, |

| | | |
|---|---|---|
| 09:21:14 | 1 | then you would have a much stronger position to say, well, let |
| 09:21:18 | 2 | me consider today whatever it is that's going to be offered, but |
| 09:21:21 | 3 | that may not be complete, so there we are. |
| 09:21:27 | 4 | What's the United States' position as to what the |
| 09:21:31 | 5 | sentence should be at this time? |
| 09:21:34 | 6 | MR. DIMOCK:  At this time, Your Honor, our position is |
| 09:21:35 | 7 | that it should be consistent with the plea agreement and with |
| 09:21:38 | 8 | the findings in the PSR. |
| 09:21:41 | 9 | THE COURT:  Which is? |
| 09:21:44 | 10 | MR. DIMOCK:  It scores out at 28, which I believe is |
| 09:21:46 | 11 | 78.  We would recommend the low end of the guidelines. |
| 09:21:49 | 12 | THE COURT:  Okay.  So the agreement was for low end? |
| 09:21:51 | 13 | MR. DIMOCK:  Yes, Your Honor. |
| 09:21:53 | 14 | THE COURT:  What's the defense position for today? |
| 09:22:00 | 15 | MR. VELIS:  For today, I think the low end is on the |
| 09:22:02 | 16 | high end, but notwithstanding looking forward to the future and |
| 09:22:05 | 17 | what Mr. Hernández has already provided and will continue to |
| 09:22:10 | 18 | provide, we are looking forward to the next statement at the |
| 09:22:15 | 19 | next stage from the Government. |
| 09:22:18 | 20 | THE COURT:  Very well, sir. |
| 09:22:20 | 21 | Mr. Hernández, do you wish to make a statement on your |
| 09:22:22 | 22 | own behalf?  If you do, you can stay seated and just speak into |
| 09:22:25 | 23 | the microphone. |
| 09:22:25 | 24 | DEFENDANT HERNANDEZ:  Yes, Your Honor.  I am very sorry |
| 09:22:29 | 25 | and I look forward to the future as a law-abiding member of this |

09:22:35    1    society.  Thank you very much.

09:22:37    2            THE COURT:  All right, sir.  Thank you.  Do you also

09:22:38    3    wish to acknowledge anybody that is here for Mr. Hernández?

09:22:42    4            MR. VELIS:  Yes, Your Honor.  I don't see her but my

09:22:45    5    view may be blocked, but his mother is here and her husband and

09:22:55    6    the mother of his two children.  I don't see her, but she should

09:23:01    7    be arriving any minute.

09:23:03    8            THE COURT:  All right.  Thank you.

09:23:06    9            MR. VELIS:  Your Honor, if I may, in addition to what

09:23:09   10    we already said, I just wanted briefly, without going into all

09:23:13   11    of the details of this case which have already been documented,

09:23:18   12    I wanted to make sure that I mentioned that in particular, if my

09:23:24   13    recollection is correct, Mr. Hernández immediately, when he

09:23:30   14    learned that the law enforcement agents were looking for him,

09:23:34   15    he, in fact, did surrender rather than being arrested.

09:23:38   16            Furthermore, if he was not the first, he should have

09:23:42   17    been the first to acknowledge his responsibility and to come

09:23:46   18    forward, and I did contact the Government and expressed our

09:23:54   19    desire to cooperate immediately, and I think Mr. Dimock could

09:23:59   20    acknowledge that.

09:24:00   21            MR. DIMOCK:  Yes, Your Honor, I can acknowledge what

09:24:03   22    Mr. Velis has said.  That's true.  With the exception of one

09:24:05   23    defendant who is not being sentenced today who came in

09:24:08   24    preIndictment, he was the first, in fact, to contact the

09:24:10   25    Government almost immediately after the bond hearings with an

| | | |
|---|---|---|
| 09:24:16 | 1 | interest in sitting down and meeting with us and accepting his |
| 09:24:19 | 2 | own responsibility as well as assisting the Government. |
| 09:24:22 | 3 | THE COURT: Thank you. |
| 09:24:22 | 4 | MR. VELIS: Thank you, Your Honor. |
| 09:24:28 | 5 | THE COURT: We will have the opportunity, I understand, |
| 09:24:30 | 6 | further to discuss these issues. When do you think that a Rule |
| 09:24:35 | 7 | 35 is likely? |
| 09:24:37 | 8 | MR. DIMOCK: I would say definitely within the one-year |
| 09:24:39 | 9 | deadline. I would hope sooner than that. I think realistically |
| 09:24:43 | 10 | we are looking at probably six to eight months, and I would note |
| 09:24:47 | 11 | for the Court that one of the reasons that we're not seeking a |
| 09:24:52 | 12 | 5K at this time involves the nature of the defendant's |
| 09:24:55 | 13 | cooperation which would be our strong preference not to be |
| 09:24:59 | 14 | getting into that at this stage of our case. |
| 09:25:05 | 15 | I would also just note for the Court that although we |
| 09:25:07 | 16 | don't anticipate this would happen with this defendant, we have |
| 09:25:09 | 17 | been in a situation, in fact, I personally have been in a |
| 09:25:11 | 18 | situation with Judge Moreno where he split the cooperation and |
| 09:25:16 | 19 | we encountered some serious problems after the first half of the |
| 09:25:19 | 20 | cooperation was given. |
| 09:25:20 | 21 | Again, I am not saying that this would happen with this |
| 09:25:24 | 22 | defendant, but it is something that we have faced in the past. |
| 09:25:29 | 23 | THE COURT: I am not giving any bright-line test to |
| 09:25:34 | 24 | splitting cooperation assessment, but I think at the end of the |
| 09:25:37 | 25 | day it doesn't work as favorably for the defendant. |

| | | |
|---|---|---|
| 09:25:41 | 1 | MR. VELIS: I acknowledge, Judge. Thank you. |
| 09:25:47 | 2 | THE COURT: Let me ask one question that was not clear |
| 09:25:49 | 3 | to me. I understand the amount of loss that has been associated |
| 09:25:53 | 4 | with each defendant -- |
| 09:25:53 | 5 | MR. DIMOCK: Yes, Your Honor. |
| 09:25:55 | 6 | THE COURT: -- but could you summarize for me: How |
| 09:25:58 | 7 | much did each defendant actually gain personally from this? |
| 09:26:01 | 8 | MR. DIMOCK: It is a difficult question to answer. I |
| 09:26:03 | 9 | don't know the exact answer to that, Your Honor. |
| 09:26:06 | 10 | THE COURT: Well, do you have a list of Number 1, |
| 09:26:10 | 11 | Number 2, Number 3 and Number 4? |
| 09:26:12 | 12 | MR. DIMOCK: I think I can give you a good idea off the |
| 09:26:15 | 13 | top of my head. I would say that in terms of the total gain, |
| 09:26:18 | 14 | the greatest amount went to the initial owners of ABC Home |
| 09:26:23 | 15 | Health and that is Enrique Pérez and Gladys Zambrana who are |
| 09:26:28 | 16 | being sentenced next month. |
| 09:26:30 | 17 | I think secondarily to that, although the loss numbers |
| 09:26:34 | 18 | don't necessarily show this, it would seem to me -- and I am |
| 09:26:38 | 19 | sure defense counsel may have a different position on this -- |
| 09:26:42 | 20 | that the next in line would probably be Vicenta Tellechea as a |
| 09:26:46 | 21 | part owner of Florida Home Health. |
| 09:26:47 | 22 | The recruiters, we tracked substantial funds going to |
| 09:26:52 | 23 | them, but we also know that a lot of that money was later then |
| 09:26:56 | 24 | paid out to various beneficiaries as kickbacks and bribes. I |
| 09:27:00 | 25 | think that Mr. Castaneda and Mr. Hernández are probably pretty |

| | | |
|---|---|---|
| 09:27:02 | 1 | close in that regard and then it starts to sort of trail off |
| 09:27:07 | 2 | from there. |
| 09:27:08 | 3 | For instance, Vanessa Estrada who is being sentenced |
| 09:27:12 | 4 | next week was essentially paid a salary.  Modesto Hidalgo just |
| 09:27:19 | 5 | got a small kickback payment and as it relates to Mr. Javier |
| 09:27:24 | 6 | Zambrana who is here today, I think his attorney is going to |
| 09:27:27 | 7 | explain to the Court, and I would agree, that although there |
| 09:27:28 | 8 | were a large number of checks that ultimately were coming in his |
| 09:27:31 | 9 | name, a large portion of those he was signing and then handing |
| 09:27:34 | 10 | the cash over to his parents and the people who were running the |
| 09:27:37 | 11 | businesses to be then doled out in terms of kickback and bribe |
| 09:27:43 | 12 | payments. |
| 09:27:43 | 13 | So the total amount going to him, we have been unable |
| 09:27:46 | 14 | to determine that with certainty, but I think it is much lower |
| 09:27:50 | 15 | than, again, what the loss amount would reflect. |
| 09:27:52 | 16 | THE COURT:  Thank you.  So could we at this time go |
| 09:27:58 | 17 | over to --  Is Mr. Diamond here?  No, I guess not.  It is |
| 09:28:06 | 18 | Mr. García, you are representing him? |
| | 19 | MR. GARCIA:  Yes and Mr. Kim. |
| 09:28:16 | 20 | THE COURT:  In your representation have you gone over |
| 09:28:18 | 21 | the presentence investigation report with your client? |
| 09:28:22 | 22 | MR. KIM:  Yes, we have, Judge. |
| 09:28:23 | 23 | THE COURT:  And was it necessary to translate? |
| 09:28:25 | 24 | MR. KIM:  I believe she reads English fine. |
| 09:28:27 | 25 | THE COURT:  Okay.  So as I understand it, the loss |

Sentencing Proceedings

21

| | | |
|---|---|---|
| 09:28:31 | 1 | amount attributed to your client is $4.3 million? |
| 09:28:35 | 2 | MR. KIM:  That's correct, Judge. |
| 09:28:38 | 3 | THE COURT:  And he also, as noted in the plea, used |
| 09:28:45 | 4 | sophisticated means and got an aggravated role. |
| 09:28:48 | 5 | MR. KIM:  That's correct. |
| 09:28:49 | 6 | THE COURT:  But the reason that his guideline is lower |
| 09:28:53 | 7 | than others is because the loss amount was lower. |
| 09:28:57 | 8 | MR. KIM:  In fact, it was the lowest of all the |
| 09:29:00 | 9 | defendants, I believe. |
| 09:29:02 | 10 | THE COURT:  Well, in any event, that results in a |
| 09:29:08 | 11 | guideline range of 63 to 78 months; is that correct? |
| 09:29:11 | 12 | MR. KIM:  That's correct, Judge. |
| 09:29:13 | 13 | THE COURT:  All right.  So is there a 5K?  I didn't see |
| 09:29:16 | 14 | anything on that.  Is there a Rule 35 likely?  What's the |
| 09:29:21 | 15 | situation here? |
| 09:29:22 | 16 | MR. DIMOCK:  At this time, no, there is not a 5K and |
| 09:29:24 | 17 | based on the facts as they stand right now, a Rule 35 is not |
| 09:29:28 | 18 | likely, although I have been in discussions with defense counsel |
| 09:29:32 | 19 | about meeting with Ms. Tellechea again to see if there is |
| 09:29:35 | 20 | anything that she might be able to offer in the way of |
| 09:29:38 | 21 | assistance, Your Honor. |
| 09:29:39 | 22 | MR. KIM:  That's correct, Judge.  We have been in |
| 09:29:41 | 23 | pretty constant contact.  Anything that has been popping into |
| 09:29:45 | 24 | Ms. Tellechea's head I have been forwarding directly to |
| 09:29:49 | 25 | Mr. Dimock.  Sometimes it does not go anywhere or sometimes it |

| | | |
|---|---|---|
| 09:29:54 | 1 | is a dead lead, but we are attempting, Judge. |
| 09:29:56 | 2 | THE COURT:  I understand.  So at this point the United |
| 09:30:02 | 3 | States is not taking a position that the degree of cooperation |
| 09:30:09 | 4 | here has been at that level that you would consider significant |
| 09:30:11 | 5 | or helpful? |
| 09:30:12 | 6 | MR. DIMOCK:  That is true, Your Honor.  We don't |
| 09:30:13 | 7 | believe it has risen to a substantial level at this point, |
| 09:30:16 | 8 | although we are open to and anticipate sitting down with |
| 09:30:19 | 9 | Ms. Tellechea and her counsel again in the very near future. |
| 09:30:25 | 10 | THE COURT:  Which, as a result of these proceedings, |
| 09:30:28 | 11 | might seem encouraging to the defendant at the end of the day. |
| 09:30:32 | 12 | MR. DIMOCK:  We are hopeful, as I believe the defense |
| 09:30:35 | 13 | is. |
| 09:30:35 | 14 | THE COURT:  So what is your recommendation on |
| 09:30:38 | 15 | sentencing? |
| 09:30:38 | 16 | MR. DIMOCK:  Again, I would recommend the Court go with |
| 09:30:44 | 17 | the agreement per the plea agreement which is consistent with |
| 09:30:47 | 18 | the PSR. |
| 09:30:48 | 19 | THE COURT:  Which is 63 months? |
| 09:30:50 | 20 | MR. DIMOCK:  Yes, on the low end, Your Honor. |
| 09:30:52 | 21 | THE COURT:  And what's the defense position? |
| 09:30:54 | 22 | MR. KIM:  That is the agreement that we had with the |
| 09:30:55 | 23 | Government, Judge, and we will stand behind that. |
| 09:30:59 | 24 | THE COURT:  Does the defendant wish to make a |
| 09:31:00 | 25 | statement?  If so, please remain seated.  Just speak into the |

| | | |
|---|---|---|
| 09:31:07 | 1 | microphone. |
| 09:31:24 | 2 | DEFENDANT TELLECHEA:  Yes.  I am here today after |
| 09:31:26 | 3 | having accepted my responsibility.  I apologize to all those |
| 09:31:37 | 4 | people who were affected by this situation that I find myself |
| 09:31:47 | 5 | in.  I want to thank all those people who participated in this |
| 09:31:57 | 6 | investigation, and I also thank Your Honor and apologize to |
| 09:32:05 | 7 | everyone and may God bless you all. |
| 09:32:07 | 8 | THE COURT:  Thank you for your statement.  Is there |
| 09:32:11 | 9 | anything else then? |
| 09:32:12 | 10 | MR. KIM:  No, Judge.  There are family members and |
| 09:32:15 | 11 | friends present in court. |
| 09:32:17 | 12 | THE COURT:  Yes.  Again, good morning and thank you. |
| 09:32:20 | 13 | Is it my understanding that for Mr. Zambrana the Government as |
| 09:32:27 | 14 | well as defense wishes a sidebar? |
| 09:32:30 | 15 | MR. DIMOCK:  Yes, Your Honor. |
| 09:32:30 | 16 | MR. BARZEE:  Yes, Your Honor. |
| 09:32:31 | 17 | THE COURT:  Why don't we go over here.  The way we do |
| 09:32:35 | 18 | sidebars, I have a microphone behind this wall so Mr. Millikan |
| 09:32:40 | 19 | can hear, so please join me over there. |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

Sentencing Proceedings

| | | |
|---|---|---|
| 09:32:47 | 1 | [Proceedings at side-bar follow at 9:32 a.m.] |
| 09:32:57 | 2 | THE COURT:  Good morning. |
| 09:32:59 | 3 | MR. BARZEE:  Good morning, Your Honor.  Your Honor, |
| 09:33:01 | 4 | would it be possible to have a side-bar off the record briefly? |
| 09:33:10 | 5 | THE COURT:  Sure.  Let's go off the record, Joe. |
| 09:33:11 | 6 | [There was a discussion off the record at 9:33 a.m.] |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

Sentencing Proceedings

| | | |
|---|---|---|
| 09:37:37 | 1 | [Proceedings continue in open court at 9:37 a.m.] |
| 09:37:49 | 2 | THE COURT:  All right.  Thank you.  So let's go through |
| 09:37:57 | 3 | the advisory guideline calculations.  Mr. Barzee, are you in |
| 09:38:01 | 4 | agreement or disagreement with them? |
| 09:38:03 | 5 | MR. BARZEE:  Your Honor, we are in agreement with the |
| 09:38:06 | 6 | base offense level of six.  We are in agreement with the plus 18 |
| 09:38:12 | 7 | for the loss of amount.  We are objecting to the sophisticated |
| 09:38:17 | 8 | means and our objection is based on the fact that Mr. Zambrana's |
| 09:38:23 | 9 | individual responsibilities and actions were so limited that |
| 09:38:27 | 10 | that would be an inappropriate enhancement in this case. |
| 09:38:30 | 11 | Pursuant to the plea agreement, we would ask the Court |
| 09:38:32 | 12 | to consider the interest of the parties, the wishes of the |
| 09:38:35 | 13 | parties, and not include that two-level enhancement. |
| 09:38:42 | 14 | THE COURT:  Any objection to that? |
| 09:38:43 | 15 | MR. DIMOCK:  No, Your Honor. |
| 09:38:44 | 16 | THE COURT:  So the guidelines would be reduced to a |
| 09:38:52 | 17 | bottom line of 24 months? |
| 09:38:53 | 18 | MR. BARZEE:  That's correct, Your Honor. |
| 09:38:55 | 19 | THE COURT:  Okay.  And you are asking that I consider a |
| 09:39:02 | 20 | variance under the statutory factors, so if you would proceed on |
| 09:39:07 | 21 | that basis. |
| 09:39:07 | 22 | MR. BARZEE:  Your Honor, may I approach the podium? |
| 09:39:09 | 23 | THE COURT:  Yes, please. |
| 09:39:11 | 24 | MR. BARZEE:  Come on up. |
| 09:39:21 | 25 | Your Honor, we are requesting a variance under 3553, |

09:39:25  1   and it is based in part on the provision of the plea agreement

09:39:30  2   that expressly allows for Mr. Zambrana to request a variance

09:39:35  3   based on the way in which the defendant was recruited into the

09:39:41  4   conspiracy and that, of course, is based on the characteristics

09:39:44  5   of Mr. Zambrana and the conduct of the case and I'd like to just

09:39:49  6   go over that briefly if I may.

09:39:51  7            Your Honor, Mr. Zambrana was 21 years old when his

09:39:57  8   mother, Gladys Zambrana, and his stepfather, Enrique Pérez, who

09:40:02  9   are codefendants in the case and will be sentenced in the

09:40:05  10  future, approached him and asked him to sign some papers whereas

09:40:19  11  he would become the owner and president of their corporation.

09:40:22  12            He was told at the time that the reason this was being

09:40:23  13  done was in order to protect his stepfather, Enrique Pérez, from

09:40:26  14  a civil lawsuit that he was involved in and that they had to do

09:40:29  15  this in order to protect their assets.

09:40:32  16            Javier, Your Honor, grew up in a very strict Catholic

09:40:41  17  Hispanic household where he was taught not to question his

09:40:46  18  parents.  From the time he was eleven years old, his stepfather,

09:40:50  19  Enrique Pérez, ruled the household with an iron fist and when

09:40:56  20  this young man's mother and stepfather came and asked him to do

09:41:00  21  something, his immediate response was, "Yes, of course."

09:41:03  22            At some point he became aware that they were engaged in

09:41:08  23  Medicare fraud and one of the big questions that I had as the

09:41:15  24  defense attorney in this case was at what point did Mr. Zambrana

09:41:19  25  become aware of it.

| | | |
|---|---|---|
| 09:41:20 | 1 | It turns out that he became aware of it somewhat late |
| 09:41:25 | 2 | and apparently the reason that it took him so long to figure out |
| 09:41:29 | 3 | that there was a massive fraud going on around him is due to his |
| 09:41:38 | 4 | documented learning disabilities, his difficulty understanding |
| 09:41:43 | 5 | what was going on in the business world.  He did not have the |
| 09:41:48 | 6 | type of inquisitive mind that asked questions that the average |
| 09:41:54 | 7 | person would be asking, that a normal person would say, "What is |
| 09:41:58 | 8 | going on here?  Why is this happening?" |
| 09:42:02 | 9 | As a result of that failure, he got to the point where |
| 09:42:08 | 10 | he was already engaged in the criminal conduct before he became |
| 09:42:12 | 11 | aware that he was engaging in criminal conduct.  At that point |
| 09:42:16 | 12 | the right thing for Javier to do would have been to either |
| 09:42:20 | 13 | notify the authorities or go to his mother and his stepfather |
| 09:42:25 | 14 | and tell them he was not going to do this any more. |
| 09:42:28 | 15 | THE COURT:  At what point in the conspiracy did this |
| 09:42:30 | 16 | occur? |
| 09:42:31 | 17 | MR. BARZEE:  Your Honor, he had already been working at |
| 09:42:34 | 18 | the clinic.  He had already signed the papers becoming the |
| 09:42:39 | 19 | president.  He had already signed the Medicare applications |
| 09:42:43 | 20 | before he realized that the fraud was going on.  So it was some |
| 09:42:48 | 21 | time into the conspiracy which is one of the reasons why the |
| 09:42:53 | 22 | Government has agreed that a four-level reduction for minimal |
| 09:42:57 | 23 | role would be appropriate. |
| 09:42:58 | 24 | If the Court remembers the proffer and the guilty plea, |
| 09:43:03 | 25 | it was based primarily on a theory of deliberate ignorance and |

09:43:08   1   this is truly a case where that deliberate ignorance instruction

09:43:15   2   and concept would apply.

09:43:16   3          Your Honor, finally, I think it's important for the

09:43:20   4   Court to understand that Javier in his 21 years has never been

09:43:26   5   in trouble.  He works hard.  He has never had problems with

09:43:31   6   drugs or alcohol.  He always wanted to go into public service

09:43:35   7   and become a fireman.  The fact that he is now a convicted felon

09:43:39   8   is going to carry a stigma with him for the rest of his life.

09:43:46   9   He understands that and he understands that he is guilty, and he

09:43:49  10   understands why he is guilty and that's why he entered a guilty

09:43:53  11   plea.

09:43:53  12          He further understands, after spending the time that he

09:43:57  13   has with me, that this Medicare fraud that has taken place is

09:44:05  14   very significant and a blight on the country and our community

09:44:11  15   and he has asked me to let the Court know that he understands

09:44:14  16   how serious this is and offers his deepest apologies for

09:44:21  17   allowing himself to be dragged into it.

09:44:23  18          Thank you, Your Honor.

09:44:23  19          THE COURT:  All right.  Thank you.  Let me, before I

09:44:26  20   hear from the defendant, ask if the Government is in agreement

09:44:30  21   as to the essential statement of facts.

09:44:32  22          MR. DIMOCK:  As to the facts of how the defendant came

09:44:35  23   into the conspiracy, we have no reason to dispute that.  We have

09:44:37  24   actually filed a response on the docket that indicates such.  We

09:44:42  25   would simply point out to the Court the nature of the documents

| | | |
|---|---|---|
| 09:44:46 | 1 | the defendant signed, again which we have addressed in our |
| 09:44:49 | 2 | filing, including a promise not to commit Medicare fraud and an |
| 09:44:52 | 3 | indication that these were the defendant's companies when, in |
| 09:44:55 | 4 | fact, they weren't. |
| 09:44:57 | 5 | THE COURT:  All right.  Thank you, sir.  Do you wish to |
| 09:45:00 | 6 | make a statement on your own behalf, sir? |
| 09:45:03 | 7 | DEFENDANT ZAMBRANA:  No thank you, sir. |
| 09:45:06 | 8 | MR. BARZEE:  No thank you, Your Honor. |
| 09:45:07 | 9 | THE COURT:  Thank you.  You may be seated, please.  Is |
| 09:45:10 | 10 | there anything else then on this issue, Mr. Barzee? |
| 09:45:14 | 11 | MR. BARZEE:  No, sir, Your Honor. |
| 09:45:29 | 12 | THE COURT:  One moment, please.  Let me start with some |
| 09:46:01 | 13 | general comments on all of these matters.  What Mr. Barzee has |
| 09:46:14 | 14 | said, that Medicare fraud occurs in the Southern District of |
| 09:46:21 | 15 | Florida, is very significant and is a blight on the community. |
| 09:46:29 | 16 | That accurately states the reality.  In some ways it understates |
| 09:46:35 | 17 | the significance of the problem which I have seen on numerous |
| 09:46:40 | 18 | cases. |
| 09:46:42 | 19 | It is a terribly significant and profoundly disturbing |
| 09:46:50 | 20 | problem because it has such grave implications for not only the |
| 09:46:58 | 21 | community in terms of the crime committed but the ultimate |
| 09:47:03 | 22 | victims which include individuals who do not have the |
| 09:47:11 | 23 | opportunity to have the benefits because funds are stolen.  To |
| 09:47:19 | 24 | me, that's very significant and serious, so my sentences on |
| 09:47:26 | 25 | these Medicare cases have been not so favorable to defendants. |

09:47:33    1      To the contrary, they have taken into account what I

09:47:38    2  believe to be a most significant problem but, of course, each

09:47:46    3  case has to be evaluated separately, but I did want to make

09:47:53    4  these comments so it's very clear that at least this Court

09:47:59    5  considers these problems to be of great importance and sentences

09:48:06    6  should be consistent.

09:48:07    7      Now, let me go through in the order that we have

09:48:13    8  discussed.  With regard to Mr. Castaneda, he was high up there

09:48:27    9  in terms of the amount of the loss, close to $18 million, was

09:48:34   10  very involved in this fraud and but for his cooperation in this

09:48:43   11  matter, I would have considered a very significant sentence, not

09:48:49   12  at the low end of the guidelines, but I believe that I have to

09:48:58   13  weigh that against the Government's recitation on the motion for

09:49:05   14  downward departure under 5K1.1.

09:49:09   15      The sad reality is that that's how the United States

09:49:15   16  finds out about other crimes, so in this instance the

09:49:23   17  information that was provided by this defendant to the United

09:49:29   18  States turned out to be very substantial in terms of benefit to

09:49:38   19  apprehend other individuals involved in even a greater amount of

09:49:43   20  fraud, so that type of activity needs to be encouraged as well.

09:49:53   21      Although the United States has indicated that the

09:50:00   22  policy of the office is to provide 25 percent, I think, in great

09:50:09   23  candor which I acknowledge, the United States has also

09:50:17   24  recognized that this is very substantial cooperation leading to

09:50:25   25  much bigger implications that have, in fact, resulted in others

| | | |
|---|---|---|
| 09:50:30 | 1 | who were even more egregiously involved in Medicare fraud to be |
| 09:50:37 | 2 | apprehended and punished. |
| 09:50:39 | 3 | So I agree with the defense in this case that a more |
| 09:50:46 | 4 | substantial reduction beyond the 25 percent is required here |
| 09:50:54 | 5 | given the factors under 5K1.1, and I will sentence to 40 months. |
| 09:50:59 | 6 | This Court has considered the statements of the |
| 09:51:01 | 7 | parties, the presentence report which contains the advisory |
| 09:51:05 | 8 | guidelines and the statutory factors.  I find the defendant is |
| 09:51:09 | 9 | not able to pay a monetary fine as well as restitution.  It is |
| 09:51:14 | 10 | the judgment of the Court that the defendant is committed to the |
| 09:51:17 | 11 | Bureau of Prisons to be imprisoned for 40 months as to Count 1. |
| 09:51:23 | 12 | It is further ordered that he shall pay joint and |
| 09:51:26 | 13 | several restitution with codefendants in the amount of |
| 09:51:30 | 14 | $15,300,855.  During the period of incarceration, payment shall |
| 09:51:41 | 15 | be made as follows:  If he earns wages in a federal prison's |
| 09:51:45 | 16 | industry job, then the defendant must pay 50 percent of wages |
| 09:51:50 | 17 | earned toward the financial obligations imposed.  If he does not |
| 09:51:55 | 18 | work in such a job, then he must pay a minimum of $25 per |
| 09:52:01 | 19 | quarter towards the financial obligations imposed. |
| 09:52:04 | 20 | Upon release, he shall pay restitution at the rate of |
| 09:52:07 | 21 | ten percent of monthly gross earnings until such time as the |
| 09:52:11 | 22 | Court may alter that payment schedule in the interest of |
| 09:52:14 | 23 | justice. |
| 09:52:15 | 24 | The United States Bureau of Prisons, the United States |
| 09:52:18 | 25 | Probation Office and the United States Attorney's Office shall |

| | | |
|---|---|---|
| 09:52:23 | 1 | monitor the payment of restitution and report to the Court any |
| 09:52:26 | 2 | material change in circumstances. |
| 09:52:28 | 3 | These payments do not preclude the United States from |
| 09:52:32 | 4 | using any other anticipated or unexpected financial gains, |
| 09:52:36 | 5 | assets or income of the defendant to satisfy the restitution |
| 09:52:40 | 6 | obligations.  Restitution shall be payable in accordance with |
| 09:52:56 | 7 | the requirements set forth in the final judgment. |
| 09:52:59 | 8 | By the way, to Probation, do you have a second page of |
| 09:53:04 | 9 | the blue sheet?  You gave me two first pages.  I just want to |
| 09:53:09 | 10 | make sure I have the special conditions correct.  Thank you. |
| 09:53:22 | 11 | And therefore restitution will be forwarded by the |
| 09:53:24 | 12 | Clerk of the Court to the victim who will be identified in the |
| 09:53:27 | 13 | final judgment. |
| 09:53:29 | 14 | Upon release, the defendant shall be placed on |
| 09:53:31 | 15 | supervised release for a term of three years.  Within 72 hours |
| 09:53:35 | 16 | of release, the defendant shall report in person to the |
| 09:53:39 | 17 | Probation Office in the district where released.  While on |
| 09:53:42 | 18 | supervised release, he shall not commit any crimes, shall be |
| 09:53:46 | 19 | prohibited from possessing a firearm or other dangerous devices, |
| 09:53:50 | 20 | shall not possess a controlled substance, shall cooperate in the |
| 09:53:53 | 21 | collection of DNA, and shall comply with the standard conditions |
| 09:53:57 | 22 | of supervised release, including the special conditions set |
| 09:54:01 | 23 | forth in Part G of the presentence report dealing with financial |
| 09:54:06 | 24 | disclosure, no new debt, self-employment restriction and health |
| 09:54:11 | 25 | care business restriction.  He shall immediately pay to the |

| | | |
|---|---|---|
| 09:54:14 | 1 | United States a special assessment of $100. |
| 09:54:21 | 2 | Total sentence, therefore, as to this defendant is 40 |
| 09:54:28 | 3 | months' imprisonment, $15,300,855 in restitution as I have |
| 09:54:35 | 4 | indicated, three years' supervised release and a $100 special |
| 09:54:40 | 5 | assessment. |
| 09:54:41 | 6 | Is there forfeiture here in some final judgment that is |
| 09:54:44 | 7 | going to be offered? |
| 09:54:46 | 8 | MR. DIMOCK:  Actually, there was a separate civil case |
| 09:54:48 | 9 | that dealt with that and there was a default judgment entered in |
| 09:54:51 | 10 | that case, so we did not have a forfeiture provision. |
| 09:54:54 | 11 | THE COURT:  Okay.  So to the defendant, you have |
| 09:54:58 | 12 | entered into a plea agreement that sets forth a waiver of |
| 09:55:04 | 13 | appellate rights, but I am obligated to advise that if any |
| 09:55:08 | 14 | appeal is filed, it has to be filed within 14 days after final |
| 09:55:11 | 15 | judgment or it would be a waiver of your right to appeal. |
| 09:55:15 | 16 | Any objections from the United States? |
| 09:55:18 | 17 | MR. DIMOCK:  No, Your Honor. |
| 09:55:19 | 18 | THE COURT:  Or defense? |
| 09:55:21 | 19 | MR. VAZQUEZ:  No, Your Honor. |
| 09:55:22 | 20 | THE COURT:  Any requests that you are going to make? |
| 09:55:25 | 21 | MR. VAZQUEZ:  Yes, Your Honor, two.  One is that the |
| 09:55:27 | 22 | Court consider self-surrender in at least three or four weeks so |
| 09:55:32 | 23 | he can take care of his affairs and the last item is a |
| 09:55:35 | 24 | recommendation to a facility close to South Florida.  He has two |
| 09:55:38 | 25 | children and a wife who is also very ill. |

| | | |
|---|---|---|
| 09:55:44 | 1 | THE COURT:  I will make that recommendation in terms of |
| 09:55:46 | 2 | placement but, of course, as you have explained to everyone, it |
| 09:55:49 | 3 | is up to the Bureau of Prisons ultimately. |
| 09:55:51 | 4 | MR. VAZQUEZ:  I understand. |
| 09:55:51 | 5 | THE COURT:  Does the United States have an objection to |
| 09:55:54 | 6 | a 30-day surrender date for any of these defendants? |
| 09:55:56 | 7 | MR. DIMOCK:  Not at all, Your Honor. |
| 09:55:57 | 8 | THE COURT:  Then could I have a 30-day date, please? |
| 09:56:02 | 9 | If not, I will find it on the calendar here. |
| 09:56:35 | 10 | Surrender will be not later than Monday, October 25th |
| 09:56:39 | 11 | at noon.  Any failure to appear would not only affect custody |
| 09:56:48 | 12 | status but could be the basis of another serious offense against |
| 09:56:51 | 13 | you.  Do you understand, sir? |
| 09:56:54 | 14 | Anything else on this matter? |
| 09:56:55 | 15 | MR. VAZQUEZ:  No, Your Honor.  Thank you. |
| 09:56:57 | 16 | THE COURT:  Anything else on this matter? |
| 09:56:59 | 17 | MR. DIMOCK:  We would just note for the record, Your |
| 09:57:00 | 18 | Honor, that I think it would be appropriate that any restitution |
| 09:57:04 | 19 | credit be applied from Case Number 09-21736-Civil-Moreno.  That |
| 09:57:11 | 20 | is the civil case that I referenced earlier, Your Honor. |
| 09:57:15 | 21 | THE COURT:  I'm sorry.  Any restitution credit be |
| 09:57:18 | 22 | applied in that case as well? |
| 09:57:20 | 23 | MR. DIMOCK:  Right.  The amount that has been recovered |
| 09:57:22 | 24 | in that case should be applied to the restitution in this case. |
| 09:57:25 | 25 | THE COURT:  All right.  Thank you.  I would ask that |

| | | |
|---|---|---|
| 09:57:28 | 1 | the final judgment make that distinction, but I think Jacob |
| 09:57:34 | 2 | needs to check with you to make sure the wording is correct. |
| 09:57:38 | 3 | MR. DIMOCK:  Okay, Your Honor. |
| 09:57:39 | 4 | THE COURT:  Any objection to that? |
| 09:57:41 | 5 | MR. VAZQUEZ:  No, Your Honor. |
| 09:57:45 | 6 | THE COURT:  All right.  Thank you. |
| 09:57:54 | 7 | All right.  With regard to Mr. Hernández's situation, |
| 09:58:02 | 8 | here we have a guideline range of 78 to 97 months.  There is no |
| 09:58:08 | 9 | 5K, but as the United States has indicated, a Rule 35 is likely |
| 09:58:15 | 10 | and there's agreement that the Court should consider at that |
| 09:58:19 | 11 | point the degree and nature of the substantial assistance. |
| 09:58:24 | 12 | So I will conclude, having considered the statutory |
| 09:58:30 | 13 | factors, including the seriousness of the offense as I have |
| 09:58:33 | 14 | indicated here, that a sentence at the low end of the advisory |
| 09:58:36 | 15 | guidelines and in accordance with the plea agreement is |
| 09:58:39 | 16 | appropriate. |
| 09:58:40 | 17 | I have considered the statements of the parties, the |
| 09:58:43 | 18 | presentence report which contains the advisory guidelines and |
| 09:58:46 | 19 | statutory factors.  I find the defendant is not able to pay a |
| 09:58:51 | 20 | fine as well as restitution so no fine shall be imposed. |
| 09:58:55 | 21 | It is the judgment of the Court that the defendant is |
| 09:58:57 | 22 | committed to the Bureau of Prisons to be imprisoned for a period |
| 09:59:02 | 23 | of 78 months as to Counts 1, and 6 through 9, all to be served |
| 09:59:10 | 24 | concurrently.  It is ordered that he pay restitution in the |
| 09:59:13 | 25 | amount of $11,293,853. |

| | | |
|---|---|---|
| 09:59:20 | 1 | During the period of incarceration, payment shall be |
| 09:59:22 | 2 | made as follows:  If he earns wages in the federal prison |
| 09:59:29 | 3 | industries program, then he is to pay 50 percent of wages earned |
| 09:59:34 | 4 | towards the financial obligations.  If he does not work in such |
| 09:59:39 | 5 | a program, then he must pay a minimum of $25 per quarter toward |
| 09:59:46 | 6 | the financial obligations. |
| 09:59:47 | 7 | Upon release, he shall pay restitution at the rate of |
| 09:59:50 | 8 | ten percent of monthly gross earnings until such time as this |
| 09:59:53 | 9 | Court may alter that payment schedule in the interest of |
| 09:59:56 | 10 | justice. |
| 09:59:56 | 11 | I also will impose the same conditions relative to the |
| 10:00:00 | 12 | payment of restitution as I have stated of record for the |
| 10:00:06 | 13 | codefendant and incorporate them into the final judgment. |
| 10:00:08 | 14 | Upon release, he shall be placed on supervised release |
| 10:00:12 | 15 | for a term of three years as to Counts 1, and 6 through 9, all |
| 10:00:17 | 16 | such terms to run concurrently.  Within 72 hours of release, he |
| 10:00:23 | 17 | shall report in person to the Probation Office in the district |
| 10:00:26 | 18 | to which the defendant is released. |
| 10:00:28 | 19 | While on supervised release, he shall not commit any |
| 10:00:31 | 20 | crime, shall be prohibited from possessing a firearm or other |
| 10:00:34 | 21 | dangerous devices, shall not possess a controlled substance, |
| 10:00:38 | 22 | shall cooperate in the collection of DNA and shall comply with |
| 10:00:41 | 23 | the standard conditions of supervised release, including the |
| 10:00:45 | 24 | special conditions set forth in Part G of the presentence report |
| 10:00:49 | 25 | dealing with financial disclosure, self-employment restriction, |

| | | |
|---|---|---|
| 10:00:54 | 1 | health care business restriction.  He shall also immediately pay |
| 10:00:57 | 2 | to the United States a special assessment of $100 as to each of |
| 10:01:01 | 3 | Counts 1, and 6 through 9, for a total of $500. |
| 10:01:06 | 4 | Total sentence is 78 months' imprisonment, restitution |
| 10:01:10 | 5 | in the amount of $11,293,853, three years' supervised release |
| 10:01:17 | 6 | and a $500 special assessment. |
| 10:01:20 | 7 | Is there forfeiture here in some final judgment? |
| 10:01:23 | 8 | MR. DIMOCK:  No, Your Honor.  Actually it is the same |
| 10:01:25 | 9 | as to all of the defendants.  That was addressed in the civil |
| 10:01:27 | 10 | case. |
| 10:01:29 | 11 | THE COURT:  All right.  Again, I believe the written |
| 10:01:31 | 12 | plea agreement had an appellate waiver, but to the defendant: |
| 10:01:34 | 13 | You have the right to file whatever appeal you feel is |
| 10:01:38 | 14 | appropriate given the circumstances.  Any notice of appeal must |
| 10:01:42 | 15 | be filed within 14 days after entry of the judgment or it will |
| 10:01:46 | 16 | be a waiver of your right to appeal. |
| 10:01:48 | 17 | If you choose to appeal and show indigency, then you |
| 10:01:53 | 18 | could apply that costs shall not be imposed and an attorney be |
| 10:01:58 | 19 | appointed for you. |
| 10:01:59 | 20 | Objections to the Court's findings and conclusions by |
| 10:02:01 | 21 | the United States? |
| 10:02:01 | 22 | MR. DIMOCK:  No objections, Your Honor. |
| 10:02:03 | 23 | THE COURT:  Any objections from the defense? |
| 10:02:06 | 24 | MR. VELIS:  No objection, Judge, except to highlight |
| 10:02:09 | 25 | that credit should be given to the restitution like the other |

| | | |
|---|---|---|
| 10:02:14 | 1 | defendant. |
| 10:02:16 | 2 | THE COURT:  Yes.  The same language will be included in |
| 10:02:19 | 3 | each final judgment.  Is that correct? |
| 10:02:21 | 4 | MR. DIMOCK:  Yes, Your Honor, it should be. |
| 10:02:23 | 5 | THE COURT:  So please make a note for Jacob to verify |
| 10:02:29 | 6 | the exact language with all counsel. |
| 10:02:30 | 7 | MR. VELIS:  Your Honor, furthermore, in terms of the |
| 10:02:34 | 8 | recommendation that he surrender or be detained in South Florida |
| 10:02:41 | 9 | and, in particular, in light of his assistance, that he remain |
| 10:02:47 | 10 | available, and I don't know if this is the time, but I have |
| 10:02:54 | 11 | discussed with Mr. Dimock the possibility of surrendering at a |
| 10:02:58 | 12 | later date, such as January 6th, if that will allow for his |
| 10:03:02 | 13 | participation. |
| 10:03:05 | 14 | THE COURT:  Does the United States request that I |
| 10:03:07 | 15 | extend the date here -- |
| 10:03:09 | 16 | MR. DIMOCK:  Yes, Your Honor. |
| 10:03:10 | 17 | THE COURT:  -- so the matters we discussed may be |
| 10:03:12 | 18 | carried forward? |
| 10:03:12 | 19 | MR. DIMOCK:  Yes, Your Honor, we do. |
| 10:03:14 | 20 | THE COURT:  All right.  So as to this defendant, I am |
| 10:03:16 | 21 | going to grant the request to surrender not later than January |
| 10:03:19 | 22 | 6, 2011.  If additional time is required, then the parties may |
| 10:03:27 | 23 | file a joint motion. |
| 10:03:28 | 24 | MR. DIMOCK:  Thank you, Your Honor. |
| 10:03:28 | 25 | MR. VELIS:  Thank you, Judge. |

| | | |
|---|---|---|
| 10:03:29 | 1 | THE COURT:  Any failure to surrender as required would |
| 10:03:31 | 2 | not only affect custody status but could be the basis of another |
| 10:03:36 | 3 | serious offense. |
| 10:03:37 | 4 | Do you understand, sir? |
| 10:03:38 | 5 | DEFENDANT HERNANDEZ:  Yes, Your Honor. |
| 10:03:39 | 6 | THE COURT:  Anything else as to this matter? |
| 10:03:43 | 7 | MR. VELIS:  Nothing for now, Judge. |
| 10:03:45 | 8 | THE COURT:  Okay.  Thank you. |
| 10:03:52 | 9 | Then, Mr. García, if I could go forward as to your |
| 10:03:57 | 10 | client.  On this matter the guideline range was 63 months to 78 |
| 10:04:04 | 11 | months.  The parties have agreed per the plea agreement to a |
| 10:04:08 | 12 | low-end guideline sentence.  There is no 5K and Rule 35 is |
| 10:04:16 | 13 | unlikely here.  So having considered the statutory factors and |
| 10:04:22 | 14 | the recommendations of the parties and the presentence report, I |
| 10:04:25 | 15 | will sentence at the low end of the statutory guidelines at 63 |
| 10:04:30 | 16 | months.  I find the defendant is not able to pay a fine as well |
| 10:04:33 | 17 | as restitution. |
| 10:04:35 | 18 | It is the judgment of the Court that the defendant is |
| 10:04:38 | 19 | committed to the Bureau of Prisons to be imprisoned for 63 |
| 10:04:41 | 20 | months.  This term consists of 63 months as to Count 1 and a |
| 10:04:47 | 21 | term of 60 months as to Count 13, all to be served concurrently. |
| 10:04:53 | 22 | Again, this defendant shall pay joint and several restitutions |
| 10:04:59 | 23 | with codefendants in the amount of $4,007,003. |
| 10:05:11 | 24 | During the period of incarceration, restitution shall |
| 10:05:15 | 25 | be made as follows:  If the defendant earns wages in the Federal |

| | | |
|---|---|---|
| 10:05:18 | 1 | Prison Industries program, then payment must be made based on 50 |
| 10:05:24 | 2 | percent of wages earned toward the obligation.  If the defendant |
| 10:05:30 | 3 | does not work in the program, then payment must be made at a |
| 10:05:33 | 4 | minimum of $25 per quarter. |
| 10:05:35 | 5 | Again, upon release from incarceration, the defendant |
| 10:05:39 | 6 | shall pay restitution at the rate of ten percent of monthly |
| 10:05:43 | 7 | gross earnings unless modified by the Court in the interest of |
| 10:05:47 | 8 | justice.  Payment shall be made in the same manner as I have |
| 10:05:52 | 9 | indicated with the codefendants. |
| 10:05:55 | 10 | Upon release from imprisonment, the defendant shall be |
| 10:05:58 | 11 | placed on supervised release for concurrent terms of three years |
| 10:06:03 | 12 | as to Counts 1 and 13.  Within 72 hours of release from the |
| 10:06:08 | 13 | custody of the Bureau of Prisons, the defendant shall report in |
| 10:06:11 | 14 | person to the probation office in the district where the |
| 10:06:14 | 15 | defendant is released. |
| 10:06:16 | 16 | While on supervised release the defendant shall not |
| 10:06:19 | 17 | commit any crime, shall be prohibited from possessing a firearm |
| 10:06:21 | 18 | or other dangerous devices, shall not possess a controlled |
| 10:06:25 | 19 | substance, shall cooperate in the collection of DNA and shall |
| 10:06:30 | 20 | comply with the standard conditions of supervised release, |
| 10:06:32 | 21 | including the special conditions set forth in Part G of the |
| 10:06:36 | 22 | presentence report dealing with financial disclosure, no new |
| 10:06:41 | 23 | debt restriction, self-employment restriction and health care |
| 10:06:45 | 24 | business restriction. |
| 10:06:47 | 25 | The defendant shall immediately pay to the United |

| | | |
|---|---|---|
| 10:06:48 | 1 | States a special assessment of $100 as to each of Counts 1 and |
| 10:06:54 | 2 | 13, for a total of $200. |
| 10:06:57 | 3 | Total sentence, therefore, is 63 months' imprisonment, |
| 10:07:01 | 4 | restitution in the amount I have stated, joint and several, |
| 10:07:06 | 5 | three years' supervised release and a $200 special assessment. |
| 10:07:11 | 6 | No forfeiture in this issue other than as stated? |
| 10:07:15 | 7 | MR. DIMOCK:  Same as stated, Your Honor. |
| 10:07:17 | 8 | THE COURT:  Again, I think there was an appellate |
| 10:07:20 | 9 | waiver here, was there not, in the plea agreement? |
| 10:07:23 | 10 | MR. KIM:  I believe there was, Judge. |
| 10:07:25 | 11 | THE COURT:  So to the defendant:  You have the right to |
| 10:07:30 | 12 | consult, of course, with your attorneys as to any remaining |
| 10:07:34 | 13 | appellate rights.  Any notice of appeal must be filed within 14 |
| 10:07:41 | 14 | days after the issuance of the final judgment or it will be a |
| 10:07:44 | 15 | waiver of your right to appeal.  If you can prove indigency, |
| 10:07:49 | 16 | then the fees would be waived and an attorney would be appointed |
| 10:07:51 | 17 | for you. |
| 10:07:52 | 18 | Objections to the Court's findings and conclusions from |
| 10:07:54 | 19 | the United States? |
| 10:07:55 | 20 | MR. DIMOCK:  No objections, Your Honor. |
| 10:07:57 | 21 | THE COURT:  Or the defense? |
| 10:07:58 | 22 | MR. KIM:  No objection, Judge. |
| 10:08:00 | 23 | THE COURT:  Monday, October 23rd at noon? |
| 10:08:02 | 24 | MR. KIM:  Judge, there are two matters I just want to |
| 10:08:04 | 25 | bring to Your Honor's attention:  First, I would ask for a |

| | | |
|---|---|---|
| 10:08:07 | 1 | recommendation for a facility close to South Florida and the |
| 10:08:11 | 2 | reason is this same as my second issue. |
| 10:08:14 | 3 | She is basically -- she is the head of the household of |
| 10:08:16 | 4 | a very large household.  Her husband is 70 years old.  He is |
| 10:08:22 | 5 | diabetic, has cardio issues, high blood pressure and circulatory |
| 10:08:28 | 6 | issues.  Also living in the same household is Alicia Galvez who |
| 10:08:33 | 7 | is present, it's her mother, at age 84.  She currently has |
| 10:08:36 | 8 | breast cancer. |
| 10:08:36 | 9 | Also living with her in the same household is Nancy |
| 10:08:40 | 10 | Fundoro.  She is 63, has hepatitis C, has breast cancer and is |
| 10:08:46 | 11 | awaiting a liver transplant list.  She is trying to get onto a |
| 10:08:50 | 12 | list currently.  The only person that has really been running |
| 10:08:54 | 13 | around for all three individuals is my client, Judge. |
| 10:08:56 | 14 | I would just ask if we can have after the new year for |
| 10:09:02 | 15 | a reporting at the facility, Judge, if that's possible. |
| 10:09:05 | 16 | THE COURT:  Well, first, with regard to the |
| 10:09:11 | 17 | recommendation for placement, I will make a strong |
| 10:09:15 | 18 | recommendation on behalf of each of the defendants to the Bureau |
| 10:09:17 | 19 | of Prisons.  There certainly are grounds here for the Bureau's |
| 10:09:27 | 20 | consideration.  I am personally very sorry for the family |
| 10:09:29 | 21 | situation. |
| 10:09:30 | 22 | Does the United States have objection to a longer |
| 10:09:32 | 23 | surrender date given the circumstances? |
| 10:09:35 | 24 | MR. DIMOCK:  Under the circumstances, we do not, Your |
| 10:09:41 | 25 | Honor. |

| | | |
|---|---|---|
| 10:09:41 | 1 | THE COURT:  Then I will have the same date of January |
| 10:09:43 | 2 | 6, 2011 at noon.  Any failure to appear will not only affect |
| 10:09:47 | 3 | your custody status but could be the basis of another serious |
| 10:09:51 | 4 | charge against you.  Do you understand? |
| 10:09:52 | 5 | MR. KIM:  She does, Judge. |
| 10:09:56 | 6 | THE COURT:  Is that affirmative from the defendant? |
| 10:09:58 | 7 | DEFENDANT TELLECHEA:  Yes, yes. |
| 10:10:00 | 8 | THE COURT:  Anything else on this sentencing? |
| 10:10:03 | 9 | MR. KIM:  No, Judge. |
| 10:10:05 | 10 | MR. DIMOCK:  No, Your Honor. |
| 10:10:07 | 11 | THE COURT:  All right.  Thank you. |
| 10:10:10 | 12 | Now, with regard to Mr. Zambrana's situation, I am |
| 10:10:18 | 13 | going to instruct Probation to amend Paragraph, I believe it is, |
| 10:10:25 | 14 | 111 of the presentence report to eliminate the two-level |
| 10:10:29 | 15 | enhancement for sophisticated means.  The low end of the |
| 10:10:32 | 16 | guidelines therefore would be 24 months. |
| 10:10:38 | 17 | Now, in this instance there has been a request for |
| 10:10:44 | 18 | probation.  With a Medicare fraud of this magnitude, I would |
| 10:10:54 | 19 | normally not be so willing to consider a variance of this |
| 10:10:58 | 20 | significant nature.  There are extenuating circumstances in this |
| 10:11:05 | 21 | case based upon this defendant's history and characteristics.  I |
| 10:11:10 | 22 | think Mr. Barzee did a very good job in enumerating them and the |
| 10:11:17 | 23 | United States doesn't dispute the factual accuracy. |
| 10:11:24 | 24 | It is without dispute, with no intent to disparage the |
| 10:11:30 | 25 | defendant, that he does have significant learning disabilities |

| | | |
|---|---|---|
| 10:11:33 | 1 | that affect his ability to comprehend and understand what is |
| 10:11:38 | 2 | happening around him.  That's not to say he, at some point in |
| 10:11:42 | 3 | this conspiracy, did not understand and comprehend, but here he |
| 10:11:50 | 4 | at still a relatively young age, living at home, was clearly |
| 10:11:59 | 5 | greatly influenced by his mother and stepfather and was used by |
| 10:12:08 | 6 | them to effectuate the crime. |
| 10:12:14 | 7 | It appears to me that he got so far into this that when |
| 10:12:19 | 8 | he finally became aware of the nature and extent he was too in |
| 10:12:27 | 9 | to dig out and wasn't quite able to understand how to do it in |
| 10:12:35 | 10 | any event.  He has no criminal history and no likelihood of |
| 10:12:44 | 11 | recidivism here, so there is a variance that should be granted. |
| 10:12:47 | 12 | Now, the question is should punishment be through |
| 10:12:54 | 13 | incarceration?  I don't find in this instance that that would |
| 10:12:59 | 14 | serve the interests of justice.  I am going to sentence him to |
| 10:13:03 | 15 | three years' probation with one year of house arrest with |
| 10:13:07 | 16 | electronic monitoring. |
| 10:13:08 | 17 | Now, where is he going to live, Mr. Barzee, not with |
| 10:13:12 | 18 | the mother, right? |
| 10:13:13 | 19 | MR. BARZEE:  No.  He has his own apartment now.  He has |
| 10:13:18 | 20 | recently married and is living with his wife. |
| 10:13:20 | 21 | THE COURT:  So I am also going to impose Community |
| 10:13:25 | 22 | Service obligations on him as additional punishment in this case |
| 10:13:32 | 23 | in that there would be 50 hours of Community Service to be |
| 10:13:35 | 24 | completed each year, for a total of 75 hours of Community |
| 10:13:40 | 25 | Service within the three years of probation. |

10:13:42  1        Now, let me just check with the probation officer.

10:13:49  2  Three years is permitted as probation given the statute here?

10:13:54  3        THE PROBATION OFFICER:  One to five years.

10:13:56  4        THE COURT:  One to five years.  I don't find that a

10:14:00  5  period beyond three years is necessary given this defendant's

10:14:06  6  lack of contact with the Criminal Justice System.

10:14:10  7        So I've considered the statements of the parties, the

10:14:12  8  presentence report which contains the advisory guidelines and

10:14:16  9  also the statutory factors that I have mentioned.  I find the

10:14:20 10  defendant is not able to pay a monetary fine as well as

10:14:23 11  restitution.

10:14:24 12        It is the judgment of the Court that the defendant is

10:14:28 13  sentenced to a period of probation for three years, subject to a

10:14:33 14  special condition of home detention electronic monitoring for 12

10:14:39 15  months.  In addition, the special condition will include 50

10:14:52 16  Community Service hours -- is that what I said, 5-0 per year?

10:14:53 17  -- for a total of 150 Community Service hours.

10:14:56 18        He shall pay joint and several restitution with

10:15:00 19  codefendants in the amount of $5,809,362.  Payment shall be made

10:15:07 20  as follows:  He shall pay restitution at the rate of ten percent

10:15:11 21  of monthly gross earnings unless this amount is altered in the

10:15:15 22  interest of justice.

10:15:17 23        The United States Probation Office, the United States

10:15:22 24  Attorney's Office shall monitor the payment of restitution and

10:15:25 25  report to the Court any material change in his ability to pay.

| | | |
|---|---|---|
| 10:15:29 | 1 | These payments do not preclude the United States and the |
| 10:15:33 | 2 | probation officer from using any other anticipated or unexpected |
| 10:15:38 | 3 | financial gains, assets or income of the defendant to satisfy |
| 10:15:43 | 4 | the restitution obligation.  Payment shall be made in accordance |
| 10:15:46 | 5 | with the final judgment in this case. |
| 10:15:50 | 6 | While on probation the defendant shall not commit any |
| 10:15:52 | 7 | crime, shall be prohibited from possessing a firearm or other |
| 10:15:56 | 8 | dangerous devices, shall not possess a controlled substance, |
| 10:15:59 | 9 | shall cooperate in the collection of DNA and shall comply with |
| 10:16:03 | 10 | the standard conditions of probation, including the special |
| 10:16:07 | 11 | conditions set forth in Part G of the presentence report dealing |
| 10:16:10 | 12 | with financial disclosure, no new debt, self-employment and |
| 10:16:17 | 13 | health care business restriction, as well as home detention |
| 10:16:22 | 14 | electronic monitoring, subject to the defendant's payment of |
| 10:16:26 | 15 | costs and other standard conditions and the Community Service |
| 10:16:29 | 16 | hours that I have imposed here.  He shall pay to the United |
| 10:16:32 | 17 | States a special assessment of $100. |
| 10:16:35 | 18 | Total sentence, therefore, is three years' probation |
| 10:16:39 | 19 | with the special conditions, restitution in the amount of |
| 10:16:42 | 20 | $5,809,362, and a $100 special assessment. |
| 10:16:49 | 21 | Was there an appellate waiver here? |
| 10:16:52 | 22 | MR. BARZEE:  There is, Your Honor. |
| 10:16:53 | 23 | THE COURT:  So I will let you, Mr. Zambrana, talk with |
| 10:16:57 | 24 | your attorney about any remaining appellate rights.  Any notice |
| 10:17:01 | 25 | of appeal must be filed within ten days after entry of final |

Sentencing Proceedings

| | | |
|---|---|---|
| 10:17:04 | 1 | judgment or it will be a waiver of your right to appeal. |
| 10:17:08 | 2 | Any objections from the United States? |
| 10:17:11 | 3 | MR. DIMOCK:  No, Your Honor. |
| 10:17:13 | 4 | THE COURT:  And from the defense? |
| 10:17:14 | 5 | MR. BARZEE:  No, Your Honor.  We would just request one |
| 10:17:16 | 6 | week to arrange for a land line for the home detention. |
| 10:17:20 | 7 | THE COURT:  All right.  Any objection to that? |
| 10:17:22 | 8 | MR. DIMOCK:  No objection, Your Honor. |
| 10:17:24 | 9 | THE COURT:  Now, I do want to note in the final |
| 10:17:28 | 10 | judgment that this sentence of probation is based on very |
| 10:17:34 | 11 | special conditions, and I want to note that it is not meant to |
| 10:17:39 | 12 | be an indication of the Court's position on proper punishment |
| 10:17:46 | 13 | given the seriousness of Medicare fraud. |
| 10:17:48 | 14 | MR. DIMOCK:  We appreciate that, Your Honor. |
| 10:17:50 | 15 | THE COURT:  Anything else on this matter? |
| 10:17:52 | 16 | MR. BARZEE:  No, Your Honor. |
| 10:17:53 | 17 | THE COURT:  Anything else before the Court? |
| 10:17:58 | 18 | MR. DIMOCK:  Nothing further. |
| 10:18:01 | 19 | THE COURT:  All right.  Then good morning.  Thank you. |
| 10:18:03 | 20 | [The proceedings conclude at 10:18 a.m., 9/24/10.] |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1          C E R T I F I C A T E

2          I hereby certify that the foregoing is an accurate

3    transcription of proceedings in the above-entitled matter.

4

5    ___01.31.13___                _____
        DATE                      JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRSC
6                                 Official United States Court Reporter
                                  Federally Certified Realtime Reporter
7                                 400 North Miami Avenue, Suite 11-1
                                  Miami, FL  33128          305.523.5588
8                                                     (Fax) 305.523.5589
                                  jamillikan@aol.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25